UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IRA ALSTON,<br>    *Petitioner*, | )<br>)<br>) | 3:18-CV-745 (SVN) |
| v. | )<br>) | |
| SCOTT SEMPLE, *et al.*,<br>    *Respondents*. | )<br>) | March 29, 2024 |

## RULING ON PETITIONER'S MOTION TO REOPEN CASE AND FOR APPOINTMENT OF COUNSEL AND RESPONDENTS' MOTION TO STRIKE AMENDED PETITION

Petitioner Ira Alston, proceeding *pro se*, seeks to reopen this habeas corpus action, which was closed in 2018 following Petitioner's consent to dismissal without prejudice so that he could exhaust state remedies, and to have counsel appointed to represent him. Respondents oppose the motion on the ground that Petitioner still has not exhausted his state court remedies on all grounds for relief included in the petition. In reply, Petitioner has not demonstrated that all grounds for relief have been exhausted. Rather, he primarily argues that his failure to exhaust should be excused, pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), because his state habeas counsel was ineffective. For the following reasons, the Court concludes that the holding in *Martinez* does not apply in this case and that the motion to reopen must be denied. It therefore denies as moot Plaintiff's request for appointment of counsel, and grants Respondents' motion to strike the amended petition.

I.     BACKGROUND

Petitioner was convicted, after a jury trial, of manslaughter in the first degree with a firearm and carrying a pistol without a permit, and was sentenced to a term of imprisonment of thirty-five

years. *State v. Alston*, 272 Conn. 432, 434 (2005). Petitioner challenged his conviction on direct appeal on four grounds: violation of his right to remain silent following receipt of *Miranda* warnings; improper jury instructions; failure to conduct a substantive inquiry into an allegation of juror misconduct; and a violation of state law concerning replacement of an excused juror. The Connecticut Supreme Court affirmed Petitioner's conviction. *Id*. at 435.

Thereafter, Petitioner filed four separate habeas corpus actions in state court. The first petition, filed in 2002 shortly after sentencing, was withdrawn on the advice of counsel as Petitioner's direct appeal was pending. *See* Resp'ts.' Mem. In Supp. of Mot. Dismiss ("Resp'ts.' Mem."), App. I, Tr. of *Alston v. Warden*, No. TSR-CV07-40016680S, ECF No. 11-9 at 12–13.[1]

In January 2005, Petitioner filed his second state habeas corpus action, *Alston v. Warden*, No. CV05-4000303-S. This petition was consolidated with Petitioner's third state habeas corpus action filed in 2007, *Alston v. Warden*, No. CV07-4001668-S, under the docket number of the 2007 petition. A trial was held on the claims included in the sixth amended petition in the consolidated cases, after which the state court denied the petition. *See Alston v. Warden*, No. CV07-4001668-S, 2013 WL 5289615 (Conn. Super. Ct. Aug. 22, 2013). The Connecticut Appellate Court denied Petitioner's appeal of this ruling without opinion. *Alston v. Commissioner of Corr*., 179 Conn. App. 907, 177 A.3d 1207 (2018) (*per curiam*). Petitioner sought certification from the Connecticut Supreme Court on three grounds: whether the appellate court erred by failing to find that the habeas court (1) erred in denying certification to appeal, (2) abused its discretion by denying Petitioner's request to represent himself during trial, and (3) erred in failing to find that trial counsel was ineffective and failing to address Petitioner's claim of actual innocence. *See*

---

[1] The cited page numbers are the page numbers reflected in the ECF header, and not the pages marked on the documents themselves, if any.

Resp'ts.' Mem. App. N, Petition for Certification, ECF No. 11-14 at 2. Petitioner included only one example of ineffective assistance of trial counsel in his petition for certification to the Connecticut Appellate Court concerning trial counsel's failure to object to the inclusion of manslaughter in the first degree with a firearm as a lesser included offense to murder, *see* Resp'ts.' Mem. App. L, ECF No. 11-12 at 29–37, but added a second example in his petition for certification to the Connecticut Supreme Court, concerning trial counsel's failure to call an alibi witness for Petitioner. *See* Resp'ts. Mem. App. N at 9–10. The Connecticut Supreme Court denied certification. *Alston v. Commissioner of Corr.*, 328 Conn. 923 (2018).

Petitioner filed his fourth state habeas corpus petition on September 12, 2013. *Alston v. Warden*, No. TSR-CV13-4005708-S (the "2013 petition"). The habeas court issued decisions dismissing certain counts on October 12, 2023, *see id.*, 2023 WL 6993214 (Conn. Super. Ct. Oct. 12, 2023), and later denying the petition in full on January 25, 2024. In response to the Court's order, Respondents have docketed a copy of the January 25, 2024, decision. *See* ECF No. 38; *see also Alston v. Comm'r of Corr.*, No. TSR-CV13-4005708, 2024 WL 576026 (Conn. Super. Ct. Jan. 25, 2024).

In 2018, Petitioner filed the present federal habeas corpus action pursuant to 28 U.S.C. § 2254. ECF No. 1.[2] Respondents moved to dismiss the petition on the ground that Petitioner failed to exhaust his state court remedies before commencing the action. ECF No. 10. In response, Petitioner requested that the case be dismissed without prejudice to reopening after he exhausted his state court remedies. ECF No. 16. The Court (Squatrito, U.S.D.J.) granted the request and

---

[2] This is Petitioner's third federal habeas petition, the first two having been dismissed for failure to exhaust state court remedies. *See Alston v. McGill*, No. 3:07-cv-1656 (DJS); *Alston v. Murphy*, No. 3:10-cv-882 (DJS). As discussed below, Petitioner also filed a fourth federal habeas action, *Alston v. Quiros*, No. 3:22-cv-1434 (VAB), which was dismissed without prejudice to refiling because Petitioner failed to exhaust state remedies. *Id.*, ECF No. 23.

3

denied the motion to dismiss without prejudice to refiling if necessary. *See* ECF No. 17. The case was closed on November 29, 2018.

Petitioner moved to reopen the case nearly five years later, on August 22, 2023. While his motion to reopen has been pending, he filed an amended petition, which Respondents have moved to strike. *See* ECF Nos. 36, 39.

## II.  STANDARD OF REVIEW

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, 562 U.S. 86, 97 (2011). Section 2254 permits a federal court to entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a).

Relevant here, AEDPA requires a state prisoner to exhaust all available state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) ("A federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures."). The exhaustion requirement seeks to promote considerations of comity and respect between the federal and state judicial systems by affording the state court the first opportunity to correct a constitutional violation. *Davila v. Davis*, 582 U.S. 521, 527 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)); *see also Martinez*, 566 U.S. at 9 ("Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within

our system of federalism.").

To satisfy the exhaustion requirement, a habeas petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair opportunity to correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *see also Daye v. Attorney General of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) ("Specifically, [the petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim.") (citations omitted); *Caballero v. Keane*, 42 F.3d 738, 740–41 (2d Cir. 1994) ("[T]o reach the merits of [an ineffective representation claim], all of [the] allegations must have been presented to the state courts, allowing them the 'opportunity to consider *all* the circumstances and cumulative effect of the claims as a whole.'") (alteration in original) (citations omitted).

A federal habeas petitioner's claim may also be rejected under the doctrine of procedural default. A federal court "will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez*, 566 U.S. at 9. In such cases, the procedural default may be an independent and adequate state ground to support the judgment. *Walker v. Martin*, 562 U.S. 307, 315 (2011). A petitioner will not be able to proceed in federal court on a procedurally defaulted claim unless he can show "cause" and "prejudice." *Id.* at 316.

In *Martinez*, the U.S. Supreme Court held that a procedurally defaulted claim of ineffective assistance of trial counsel can be heard by the federal court if the state court did not appoint counsel in the initial-review collateral proceeding or where the counsel handling the first collateral

proceeding was ineffective in failing to raise a particular claim. 566 U.S. at 14. In the latter situation, the failure of habeas counsel to raise the claim is the cause of the procedural default, and the default is excused—allowing the federal court to hear the claim—if the petitioner can also show that the defaulted claim has merit. *Id.*

### III. DISCUSSION

Petitioner moves to reopen this action and seeks appointment of counsel to represent him as the Court considers the merits of his claims. Petitioner argues that Respondents were incorrect in their motion to dismiss when they stated that Petitioner was required to seek review of his claims in state court by filing a state court habeas corpus action asserting a claim for ineffective assistance of state habeas counsel.[3] Petitioner now states that he in fact included a claim for ineffective assistance of state habeas counsel in his 2013 state habeas action, *Alston v. Warden*, No. CV13-4005708-S. However, he contends that doing so was not necessary because, under his interpretation of the holding in *Martinez*, his failure to exhaust his state remedies can be excused if that failure is the result of ineffective assistance of counsel in the state habeas action. In opposition, Respondents contend that *Martinez* is applicable only where the claims have been

---

[3] In his reply in support of his motion to reopen, ECF No. 35, Petitioner also argues that (1) his claims regarding ineffective assistance of trial and appellate counsel have been fully exhausted by his first habeas proceeding, CV07-4001668-S; and (2) the fact that his ineffective assistance of counsel claims were recently dismissed on *res judicata* grounds "makes it clear that 'ther[e] was no opportunity to obtain redress in State court or that the corrective process was so clearly deficient it rendered futile any effort to return to State court to obtain relief.'" ECF No. 35 at 2. As an initial matter, the Court notes that arguments raised for the first time in a reply brief are generally deemed waived. *See Tardif v. City of New York*, 991 F.3d 394, 404 n.7 (2d Cir. 2021). In any event, Petitioner's ineffective assistance claims were not exhausted by his earlier habeas proceeding, other than as to the one allegation he properly raised to the Connecticut Appellate and Supreme Courts concerning trial counsel's failure to object to the inclusion of manslaughter in the first degree with a firearm as a lesser included offense to murder, because he did not present the state's highest court with the "factual and legal premises underlying the claim[s]" he now seeks to present to this Court. *See Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991). In addition, the subsequent habeas court's dismissal of his habeas claims on *res judicata* grounds does not demonstrate that the state procedure is "so clearly deficient as to render futile any effort to obtain relief," *see Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*), especially when, as discussed in further detail below, Petitioner still has an opportunity to appeal *that* decision.

*procedurally defaulted* in state court, which is not the case here—rather, Respondents claim, they are *unexhausted* (and were, in fact, still pending in Case No. TSR-CV13-4005708-S, involving the 2013 petition, at the time Respondents filed their opposition to Petitioner's motion to reopen).

The Court agrees with Respondents' reading of *Martinez*, and holds that it does not help Petitioner here. Martinez was convicted in Arizona, which requires ineffective assistance claims against trial counsel to be brought in collateral proceedings. His attorney in his first state habeas action failed to include claims of ineffective assistance of trial counsel; in a second habeas action in which he was represented by new counsel, the state court found that he could not raise his ineffective assistance claims because he had not brought them in his first habeas action—in other words, the claims were procedurally defaulted. 566 U.S. at 6–7. In holding that the federal court could nonetheless entertain Martinez's federal habeas petition, the Supreme Court noted that the failure to excuse the procedural default would mean that "no court will review the prisoner's claims," since it was "likely that no state court at any level will hear the prisoner's claim" when an attorney errs in the initial collateral proceeding. *Id*. at 10–11.

In Connecticut, however, prisoners have a right, under state law, to the effective assistance of habeas counsel and to seek a writ of habeas corpus based on the ineffective assistance of such counsel. *See Lozada v. Warden*, 223 Conn. 834, 838–39, 613 A.2d 818, 821–22 (1992) (recognizing that, although there is no federal constitutional right to counsel in state habeas corpus proceedings, there is a state law right to counsel that necessarily encompasses a right to competent counsel). The *Lozada* court recognized that succeeding on a habeas claim on this basis would require proving both "(1) that [petitioner's] appointed habeas counsel was ineffective, and (2) that his trial [or appellate] counsel was ineffective." *See id.* at 842.

Thus, Petitioner, unlike Martinez, has an available means to have his claims of ineffective

7

assistance of trial and appellate counsel addressed: he could file a state habeas petition asserting a claim of ineffective assistance of habeas counsel for failing to raise claims of ineffective assistance of trial and appellate counsel, which would allow the state court to pass upon this claim in the first instance.[4] The habeas court has construed Petitioner's 2013 petition as having raised a claim that habeas counsel was ineffective for failing to raise certain issues related to the alleged ineffectiveness of trial and appellate counsel. *Alston v. Comm'r of Corr.*, 2023 WL 6993214, at *3 ("A direct claim of ineffective assistance against his most recent habeas attorney would be a legally viable and proper claim, so those allegations would survive."). While the habeas court ultimately dismissed this particular allegation against habeas counsel on other grounds, *see id.*, the court recognized that the claim could have been pursued and went on, in its recent memorandum of decision, to fully analyze (and ultimately deny) Plaintiff's remaining claims of ineffective assistance of habeas counsel, *see Alston v. Comm'r of Corr.*, 2024 WL 576026, at *5. This makes *Martinez*'s holding inapplicable to the present case.

The question that remains is whether Petitioner has now exhausted all of the claims alleged in this action, such that the motion to reopen should be granted on that ground. As discussed above, while this case was dismissed, Petitioner filed a fourth federal habeas petition, which was assigned to Judge Bolden. In dismissing that petition, Judge Bolden noted that the petition filed in that case, which largely overlaps with the petition in this case, was identical to Petitioner's Third

---

[4] The petition in this case, ECF No. 1, asserts five separate grounds for relief; however, in his reply in support of his motion to reopen, Petitioner recognizes that he is "essentially rais[ing] one ground or claim for relief," the ineffective assistance of trial and appellate counsel, as he contends that their ineffective assistance caused him not to exhaust his other claims. ECF No. 35 at 3. Although he argues that he is not seeking to assert a claim for ineffective assistance of habeas counsel, *id.* at 8, this argument misses the point, which is that pursuing this type of claim is an available avenue for him to exhaust his other ineffective assistance claims in state court. *See Lozada*, 223 Conn. at 842; *see also Abrams v. Comm'r of Corr.*, No. 3:17-CV-1732 (MPS), 2019 WL 919581, at *9 (D. Conn. Feb. 25, 2019) (recognizing that a petitioner can use an ineffective assistance of habeas counsel claim as a "vehicle to exhaust his claim of ineffective assistance of trial counsel").

Amended Petition filed in his 2013 state habeas action, which was still pending at the time of Judge Bolden's dismissal order. *Alston v. Quiros*, No. 3:22-cv-1434 (VAB), ECF No. 23 at 3. Both the 2013 state habeas action and the fourth federal petition asserted that Petitioner's habeas counsel was ineffective for failing to assert claims that trial and appellate counsel were ineffective. Judge Bolden further noted that Petitioner had conceded that he had not presented each ground for relief brought in the fourth federal habeas petition, including to the state appellate courts. *Id.* Judge Bolden therefore dismissed the petition without prejudice to refiling following the exhaustion of all state court remedies. *Id.*

Since Judge Bolden's decision and Respondents' opposition to Petitioner's motion to reopen this matter, the state habeas court has denied Petitioner's 2013 habeas petition. *See* ECF No. 38; *Alston v. Comm'r of Corr.*, 2024 WL 576026. Petitioner's petition for certification to appeal was denied by the habeas court on February 22, 2024. *Alston v. Warden*, No. CV13-4005708-S, Docket No. 375.00. Petitioner may challenge that decision by filing an appeal with the Connecticut Appellate Court. From the Court's review of the Connecticut Appellate Court's case lookup feature, Petitioner has recently done just that. *See Alston v. Comm'r of Corr.*, No. AC 47499 (Conn. App. Ct.) (appeal docketed March 27, 2024). As such, these claims remain unexhausted, and the Court need not reopen this action.[5]

---

[5] Having decided that this action should not be reopened on other grounds, the Court need not reach Respondents' second argument that Petitioner should instead pursue habeas relief in *Alston v. Quiros*, No. 3:22-cv-1434 (VAB), which remains open before Judge Bolden.

## IV. CONCLUSION

Petitioner's motion to reopen this case and for appointment of counsel, ECF No. 18, is DENIED.

Respondents' motion to strike Petitioner's amended petition, ECF No. 39, is GRANTED, as this action remains closed.

Any appeal of this order would not be taken in good faith.

**SO ORDERED** this 29th day of March, 2024, at Hartford, Connecticut.

                                                           /s Sarala V. Nagala
                                                           SARALA V. NAGALA
                                                           UNITED STATES DISTRICT JUDGE